UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL CIFALDO,

                Plaintiff(s),

vs.

BNY MELLON INVESTMENT SERVICING TRUST COMPANY,

                Defendant(s).

Case No. 2:17-cv-00842-JAD-NJK

ORDER

Plaintiff Michael Cifaldo, proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a complaint on March 21, 2017. Docket Nos. 1, 1-1.

**I.** ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915 showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.** **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, the Court additionally screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When

the Court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff alleges that, on September 2, 2016, two unauthorized charges totaling $755.61 were made to his Fidelity Visa Gold Debit Card while he was asleep. *See, e.g.*, Docket No. 1-1 at 1-2, 16.[2]

---

[1] Unless otherwise stated, all references to "Rules" denote the Federal Rules of Civil Procedure.

[2] The Court adopts by reference the letters and exhibits that Plaintiff attached to his complaint and considers them a part of the pleading. *See, e.g.*, *Davis v. Am. Express Prepaid Card Mgmt. Corp.*, 2016 WL 4494447, at *4 (E.D. Cal. Aug. 26, 2016) (citing Fed. R. Civ. P. 10(c))).

Plaintiff further alleges that, on the same day, he notified Defendant of the charges via telephone. *See id.* at 16. Plaintiff alleges that Defendant "denied [his] claims without explanation on September 7, 2016." *Id.* at 2. Plaintiff further alleges that, on September 20, 2016, he sent Defendant a letter requesting all documentation used in its investigation of his claim. *Id.* at 2, 16-17. Plaintiff alleges that Defendant received the letter on September 23, 2016. *Id.* Plaintiff alleges that, on October 3, 2016, Defendant sent him a letter stating that its denial of his claim was based on verbal information provided to it by the merchant who charged Plaintiff's account. *Id.* at 2, 20. Plaintiff further alleges that, on November 17, 2016, Defendant sent him a second letter, again denying his claims, and stating that it had subsequently received documentation from the merchant that was consistent with the verbal information the merchant previously provided it. *Id.* at 3, 24.

Plaintiff initiated this action on March 21, 2017. Docket No. 1. Plaintiff alleges violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq*. Docket No. 1 at 3-5. Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1693d(a), 1693f(a), 1693f(c)-(d), 1693g(a)-(b), and 1693g(e). *Id.*

"The EFTA creates a 'framework [of] rights, liabilities, and responsibilities of participants in electronic fund transfer systems.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) (quoting 15 U.S.C. § 1693(b)). "In a basic sense, the EFTA allows consumers to preauthorize electronic transfers of funds from accounts they hold at financial institutions." *Camacho v. JPMorgan Chase Bank*, 2015 WL 5262022, at *2 (N.D. Cal. Sept. 9, 2015) (citing 15 U.S.C. § 1693e). "These financial institutions must thereafter provide to consumers documentation evidencing the transfers on a periodic basis." *Camacho*, 2015 WL 5262022, at *2 (citing 15 U.S.C. § 1693d).

"The EFTA contains an error resolution process which obligates consumers to report transfer errors to financial institutions within 60 days after having been transmitted the written documentation containing the error." *Camacho*, 2015 WL 5262022, at *2 (citing 15 U.S.C. § 1693f(a)). "For the purposes of this provision, an 'error' includes either an unauthorized, incorrect

or omitted transfer of funds." *Camacho*, 2015 WL 5262022, at *2 (citing 15 U.S.C. § 1693f(f)). "Actions against financial institutions for failure to comply with the EFTA must be brought 'within one year from the date of the occurrence of the violation.'" *Camacho*, 2015 WL 5262022, at *5 (citing 15 U.S.C. § 1693m(g)). With this framework in mind, the Court addresses in turn each of the statutory provisions under which Plaintiff attempts to state a claim for relief.

First, Plaintiff alleges that Defendant violated 15 U.S.C. § 1693d(a) by failing to provide him with written documentation pertaining to the transfers as required by 15 U.S.C. § 1693d(a)(1) through (5). Docket No. 1-1 at 3. 15 U.S.C. § 1693d(a) provides that:

> For each electronic fund transfer initiated by a consumer from an electronic terminal, the financial institution holding such consumer's account shall, directly or indirectly, at the time the transfer is initiated, make available to the consumer written documentation of such transfer. The documentation shall clearly set forth to the extent applicable –
> (1) the amount involved and date the transfer is initiated;
> (2) the type of transfer;
> (3) the identity of the consumer's account with the financial institution from which or to which the funds are transferred;
> (4) the identity of any third party to whom or from whom funds are transferred; and
> (5) the location or identification of the electronic terminal involved.

In this instance, it appears that Plaintiff learned of the disputed transactions because his financial institution provided the written documentation that the statute requires. *See* Docket No. 1-1 at 9 (Fidelity Investments Daily Additions and Subtractions statement showing the two disputed transactions that occurred on September 2, 2016). In fact, it appears that Plaintiff would not have known to report the disputed transfers but for information that Defendant provided him. *See, e.g.*, *id.* at 16 (letter from Plaintiff to Defendant). Therefore, the Court finds that Plaintiff has not stated a claim upon which relief may be granted under 15 U.S.C. § 1693d(a).

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693f(a) by exceeding the ten business day time limit to complete its investigation of the disputed transactions. *Id.* at 3. Similarly, Plaintiff alleges that Defendant violated 15 U.S.C. § 1693f(d) by failing to deliver the results of its investigation regarding the disputed transactions to him within three business days. *Id.* at 4. 12 C.F.R. § 205.11(c)(1) sets forth the Board of Governors of the Federal Reserve System's ("Board

4

of Governors") interpretation of these provisions. *See, e.g.*, *Gale v. Hyde Park Bank*, 2007 WL 2358625, at *3 (N.D. Ill. Aug. 8, 2007). Courts grant the Board of Governors' interpretation of its own regulations great deference. *See, e.g.*, *id.* (citing *Udall v. Tallman*, 380 U.S. 1, 16 (1965)).

12 C.F.R. § 205.11(c)(1) provides, in relevant part, that "[a] financial institution shall investigate" a timely-reported error "and . . . shall determine whether an error occurred within 10 business days of receiving a notice of error." Additionally, "[t]he institution shall report the results to the consumer within three business days after completing its investigation." *Id.* Here, Plaintiff reported the disputed transactions to Defendant on September 2, 2016, the day they occurred. Docket No. 1-1 at 2, 16. Plaintiff's complaint contains an exhibit showing that Defendant investigated the alleged errors, determined that no errors had occurred, then mailed Plaintiff its conclusions within five days of his phone call, on September 7, 2016. *Id.* at 11. Therefore, the Court finds that Plaintiff has not stated a claim upon which relief may be granted as to the EFTA's ten-day reporting requirement.

Further, even viewing Plaintiff's conclusory allegation regarding the three-day reporting requirement in conjunction with the exhibits he attached to his complaint, the Court has insufficient information to assess that claim. Therefore, the Court finds that Plaintiff fails to satisfy Rule 8's requirements and, therefore, that Plaintiff fails to state a claim upon which relief may be granted as to the EFTA's three-day reporting requirement.

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693f(c) by failing to provide him with provisional credit while it investigated the disputed transactions. *Id.* at 3-4. 12 C.F.R. § 205.11(c)(2), which interprets this provision, provides in pertinent part:

> If the financial institution is unable to complete its investigation within 10 business days, the institution may take up to 45 days from receipt of a notice of error to investigate and determine whether an error occurred, provided the institution does the following:
> (i) Provisionally credits the consumer's account in the amount of the alleged error (including interest where applicable) within 10 business days of receiving the error notice. If the financial institution has a reasonable basis for believing that an unauthorized electronic fund transfer has occurred and the institution has satisfied the

5

requirements of § 205.6(a),[3] the institution may withhold a maximum of $50 from the amount credited. An institution need not provisionally credit the consumer's account if:
    (A) The institution requires but does not receive written confirmation within 10 business days of an oral notice of error; or
    (B) The alleged error involves an account that is subject to Regulation T (Securities Credit by Brokers and Dealers, 12 CFR part 220);
(ii) Informs the consumer, within two business days after the provisional crediting, of the amount and date of the provisional crediting and gives the consumer full use of the funds during the investigation;
(iii) Corrects the error, if any, within one business day after determining that an error occurred; and
(iv) Reports the results to the consumer within three business days after completing its investigation (including, if applicable, notice that a provisional credit has been made final).

Plaintiff, however, fails to satisfy Rule 8's requirements, as he has not pleaded sufficient facts to support the assertion that Defendant was obligated to provisionally credit his account. Thus, Plaintiff fails to state a claim upon which relief may be granted under 15 U.S.C. § 1693f(c).

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693f(d) by failing to explain to him its investigation findings. Docket No. 1-1 at 4-5. Viewing this allegation in conjunction with the exhibits Plaintiff attached to his complaint, the Court finds this claim sufficient for screening purposes. *Cf. Gale v. Hyde Park Bank*, 384 F.3d 451, 453 (7th Cir. 2004) (overturning a district court's decision to dismiss a complaint under 12(b)(6) because, *inter alia*, the plaintiff's complaint could be read to allege under this section that his bank's explanation of the reasons for its conclusion was insufficient).

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693f(d) by failing to include a notice of his right to request reproductions of the documentation with the explanation of its findings

---

[3] 12 C.F.R. § 205.6(a) provides:
A consumer may be held liable, within the limitations described in paragraph (b) of this section, for an unauthorized electronic fund transfer involving the consumer's account only if the financial institution has provided the disclosures required by § 205.7(b)(1), (2), and (3). If the unauthorized transfer involved an access device, it must be an accepted access device and the financial institution must have provided a means to identify the consumer to whom it was issued.

regarding the disputed transactions. Docket No. 1-1 at 4. 15 U.S.C. § 1693f(d) provides, in relevant part, that "[t]he financial institution shall include notice of the right to request reproductions with the explanation of its findings." Having reviewed Plaintiff's allegation and the correspondence incorporated into his pleading, the Court finds this claim sufficient for screening purposes. *See* Docket No. 1-1 at 4, 11, 20, 24.

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693g(a) by imposing a liability on him greater than $50 for each of the disputed charges. Docket No. 1-1 at 5. 15 U.S.C. § 1693g(a) provides that a customer's liability for an unauthorized electronic fund transfer shall in no event exceed the lesser of either $50 or "the amount of money or value of property or services obtained in such unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected." Plaintiff disputes Defendant's finding that the transactions at issue were authorized and provides information to support his contention that they were not. *See, e.g.*, Docket No. 1-1 at 16. Thus, the Court finds this claim sufficient for screening purposes.

Plaintiff next alleges a violation of 15 U.S.C. §1693g(b). This provision, however, discusses a financial institution's burden of proof in court proceedings and, therefore, does not give rise to a claim for relief under the EFTA. *See* 15 U.S.C. §1693g(b) ("*In any action* which involves a consumer's liability for an unauthorized electronic fund transfer, the *burden of proof* is upon the financial institution to show that the electronic fund transfer was authorized") (emphasis supplied). The Court therefore finds that Plaintiff fails to state a claim upon which relief may be granted as to 15 U.S.C. § 1693g(b).

Finally, Plaintiff alleges a violation of 15 U.S.C. § 1693g(e), which states that "[e]xcept as provided in this section, a consumer incurs no liability from an unauthorized electronic fund transfer." The Court finds that this allegation is sufficient for screening purposes because Plaintiff alleges that the disputed transactions were unauthorized and that Defendant held him liable for them.

7

*See, e.g.*, Docket No. 1-1 at 5, 16. *See also, e.g.*, *Becker v. Genesis Fin. Servs.*, 2007 WL 4190473, at *12 (E.D. Wash. Nov. 21, 2007) (analyzing a consumer's argument under this section in the context of ruling on motions to strike and a motion for summary judgment).

The Court finds that some of Plaintiff's claims are sufficient for screening purposes, as set out above. The Court will give Plaintiff an opportunity to cure the deficiencies it has identified.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The deficient counts, as identified above, are **DISMISSED** with leave to amend. Plaintiff will have until **June 21, 2017**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

5. If Plaintiff does not file an amended complaint curing the stated deficiencies by June

12, 2017, this action shall immediately proceed only on the claims the Court has deemed sufficient for screening purposes, as outlined above.

IT IS SO ORDERED.

DATED: May 23, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge