# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL CIFALDO,

    Plaintiff(s),

vs.

BNY MELLON INVESTMENT SERVICING TRUST COMPANY,

    Defendant(s).

Case No. 2:17-cv-00842-JAD-NJK

**ORDER**

(Docket No. 5)

  Plaintiff Michael Cifaldo is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On May 23, 2017, the Court granted Plaintiff's application, and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915. Docket No. 3. The Court dismissed Plaintiff's complaint with leave to amend. *Id.* The Court identified numerous deficiencies in Plaintiff's complaint, and provided him an opportunity to cure those defects. *Id.* Pending before the Court is Plaintiff's amended complaint. Docket No. 5.

**I. BACKGROUND**

  Plaintiff alleges that, on September 2, 2016, two unauthorized charges totaling $755.61 were made to his Fidelity Visa Gold Debit Card while he was asleep. *See, e.g.*, Docket No. 5 at 1-2, 16. Plaintiff further alleges that, on the same day, he notified Defendant of the charges via telephone. *See id.* at 16. Plaintiff alleges that Defendant "denied [his] claims without explanation on September 7, 2016." *Id.* at 2. Plaintiff further alleges that, on September 20, 2016, he sent Defendant a letter

requesting all documentation used in its investigation of his claim. *Id.* at 2, 16-17. Plaintiff alleges that Defendant received the letter on September 23, 2016. *Id.* Plaintiff alleges that, on October 3, 2016, Defendant sent him a letter stating that its denial of his claim was based on verbal information provided to it by the third party merchant who charged Plaintiff's account. *Id.* at 2, 20. Plaintiff further alleges that, on November 17, 2016, Defendant sent him a second letter, again denying his claims, and stating that it had subsequently received documentation from the third party merchant that was consistent with the verbal information the merchant previously provided it. *Id.* at 3, 24.

## II.     ANALYSIS

Plaintiff's amended complaint alleges violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq*. *Id*. Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1693f(a), 1693f(c), 1693f(d), 1693g(a), and 1693g(e). *Id.* Plaintiff has addressed the deficiencies the Court identified in his complaint regarding 15 U.S.C. §§ 1693d(a), 1693f(d) (regarding his allegation that Defendant failed to deliver the results of its investigation within three business days), and 1693g(e) by removing them from his complaint. Plaintiff has addressed the deficiencies the Court identified in his complaint regarding 15 U.S.C. §§ 1693f(a) and 1693f(c) by alleging further facts. *Id.* at 3-4. However, the Court must examine whether these facts state a claim against Defendant under 15 U.S.C. §1693.

"The EFTA creates a 'framework [of] rights, liabilities, and responsibilities of participants in electronic fund transfer systems.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) (quoting 15 U.S.C. § 1693(b)). "In a basic sense, the EFTA allows consumers to preauthorize electronic transfers of funds from accounts they hold at financial institutions." *Camacho v. JPMorgan Chase Bank*, 2015 WL 5262022, at *2 (N.D. Cal. Sept. 9, 2015) (citing 15 U.S.C. § 1693e). "These financial institutions must thereafter provide to consumers documentation evidencing the transfers on a periodic basis." *Id.* (citing 15 U.S.C. § 1693d).

"The EFTA contains an error resolution process which obligates consumers to report transfer errors to financial institutions within 60 days after having been transmitted the written

documentation containing the error." *Id.* (citing 15 U.S.C. § 1693f(a)). "For the purposes of this provision, an 'error' includes either an unauthorized, incorrect or omitted transfer of funds." *Id.* (citing 15 U.S.C. § 1693f(f)). "Actions against financial institutions for failure to comply with the EFTA must be brought 'within one year from the date of the occurrence of the violation.'" *Id.* at *5 (citing 15 U.S.C. § 1693m(g)). With this framework in mind, the Court addresses in turn each of the statutory provisions under which Plaintiff attempts to state a claim for relief.[1]

First, Plaintiff alleges that Defendant violated 15 U.S.C. § 1693f(a) by exceeding the 10-business-day time limit to complete its investigation of the disputed transactions. Docket No. 5 at 3. 15 U.S.C. § 1693f(a) provides that:

> If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 906(a), (c), or (d) (15 USCS § 1693d(a), (c), or (d)) or notification pursuant to section 906(b) (15 USCS § 1693d(b)), receives oral or written notice in which the consumer--
>
> (1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;
>
> (2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 906(b) (15 USCS § 1693d(b)), the consumer's account, contains an error and the amount of such error; and
>
> (3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,
>
> the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. The financial institution may require written confirmation to be provided to it within ten business days of an oral notification of error if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent. A financial institution which requires written confirmation in accordance with the previous sentence need not provisionally recredit a consumer's account in accordance with subsection (c), nor shall the financial institution be liable under subsection (e) if the written confirmation is not received within the ten-day period referred to in the previous sentence.

---

[1] The Court addressed its authority to screen an *in forma pauperis* Plaintiff's complaint under 28 U.S.C. § 1915 and the standard it uses to determine if a complaint sufficiently states a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 8 and Fed.R.Civ.P. 12(b)(6) in its previous order and, therefore, does not repeat those here. Docket No. 3 at 1-2.

3

12 C.F.R. § 205.11(c)(1) sets forth the Board of Governors of the Federal Reserve System's ("Board of Governors") interpretation of these provisions. *See, e.g.*, *Gale v. Hyde Park Bank*, 2007 WL 2358625, at *3 (N.D. Ill. Aug. 8, 2007). Courts grant the Board of Governors' interpretation of its own regulations great deference. *See, e.g.*, *id.* (citing *Udall v. Tallman*, 380 U.S. 1, 16 (1965)).

12 C.F.R. § 205.11(c)(1) provides, in relevant part, that "[a] financial institution shall investigate" a timely-reported error and "shall determine whether an error occurred within 10 business days of receiving a notice of error." In the instant case, Plaintiff reported the disputed transactions to Defendant on September 2, 2016, the day they occurred. Docket No. 5 at 2, 16. Plaintiff's amended complaint contains an exhibit showing that Defendant investigated the alleged errors, determined that no errors had occurred, then mailed Plaintiff its conclusions within 5 days of his phone call, on September 7, 2016. *Id.* at 11. However, Plaintiff alleges that, because Defendant subsequently requested documentation from the third party merchant on September 26, 2016, Defendant had not completed its investigation within 10 business days of receiving notice of the error. *Id.* at 3, 24-26. A financial institution's review of its own records is sufficient to constitute an investigation of an alleged error. 12 C.F.R. § 205.11(c)(4). Defendant's letter to Plaintiff on October 3, 2016, states that Defendant's investigation and subsequent denial of alleged error "was based on the information provided to [it] verbally by the merchant, Rapid Cash."[2] Docket No. 5 at 20. As Defendant sufficiently investigated the alleged error in accordance with its obligation under 15 U.S.C. § 1693f(a), the Court finds that Plaintiff has not stated a claim upon which relief may be granted as to the EFTA's 10-day reporting requirement.

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693f(c) by failing to provide him with provisional credit while it investigated the disputed transactions. *Id.* at 3-4. 12 C.F.R. § 205.11(c)(2), which interprets this provision, provides in pertinent part:

---

[2] On November 17, 2016, Defendant responded to Plaintiff's September 19, 2016 request for documents used in its investigation and provided Plaintiff documents that Defendant obtained from the third party merchant. Docket No. 5 at at 24-26.

If the financial institution is unable to complete its investigation within 10 business days, the institution may take up to 45 days from receipt of a notice of error to investigate and determine whether an error occurred, provided the institution does the following:

(i) Provisionally credits the consumer's account in the amount of the alleged error (including interest where applicable) within 10 business days of receiving the error notice. If the financial institution has a reasonable basis for believing that an unauthorized electronic fund transfer has occurred and the institution has satisfied the requirements of § 205.6(a),[3] the institution may withhold a maximum of $50 from the amount credited. An institution need not provisionally credit the consumer's account if:

    (A) The institution requires but does not receive written confirmation within 10 business days of an oral notice of error; or

    (B) The alleged error involves an account that is subject to Regulation T (Securities Credit by Brokers and Dealers, 12 CFR part 220);

(ii) Informs the consumer, within two business days after the provisional crediting, of the amount and date of the provisional crediting and gives the consumer full use of the funds during the investigation;

(iii) Corrects the error, if any, within one business day after determining that an error occurred; and

(iv) Reports the results to the consumer within three business days after completing its investigation (including, if applicable, notice that a provisional credit has been made final).

As a threshold matter, a violation of 15 U.S.C. § 1693f(c) is contingent on the financial institution's investigation exceeding 10 business days. As Plaintiff fails to state a claim upon which relief can be granted regarding the 10-day requirement, Plaintiff therefore automatically fails to state a claim upon which relief can be granted regarding Defendant's violation of 15 U.S.C. § 1693f(c).

---

[3] 12 C.F.R. § 205.6(a) provides:
    A consumer may be held liable, within the limitations described in paragraph (b) of this section, for an unauthorized electronic fund transfer involving the consumer's account only if the financial institution has provided the disclosures required by § 205.7(b)(1), (2), and (3). If the unauthorized transfer involved an access device, it must be an accepted access device and the financial institution must have provided a means to identify the consumer to whom it was issued.

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693f(d) by failing to explain to him its investigation findings. Docket No. 5 at 4. Viewing this allegation in conjunction with the exhibits Plaintiff attached to his complaint, the Court finds this claim sufficient for screening purposes. *Cf. Gale v. Hyde Park Bank*, 384 F.3d 451, 453 (7th Cir. 2004) (overturning a district court's decision to dismiss a complaint under 12(b)(6) because, *inter alia*, the plaintiff's complaint could be read to allege under this section that his bank's explanation of the reasons for its conclusion was insufficient).

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693f(d) by failing to include a notice of his right to request reproductions of the documentation with the explanation of its findings regarding the disputed transactions. Docket No. 5 at 4. 15 U.S.C. § 1693f(d) provides, in relevant part, that "[t]he financial institution shall include notice of the right to request reproductions with the explanation of its findings." Having reviewed Plaintiff's allegation and the correspondence incorporated into his pleading, the Court finds this claim sufficient for screening purposes. *See id.* at 4, 11, 20, 24.

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1693g(a) by imposing a liability on him greater than $50 for each of the disputed charges. Docket No. 5 at 4-5. 15 U.S.C. § 1693g(a) provides that a customer's liability for an unauthorized electronic fund transfer shall in no event exceed the lesser of either $50 or "the amount of money or value of property or services obtained in such unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected." Plaintiff disputes Defendant's finding that the transactions at issue were authorized and provides information to support his contention that they were not. *See, e.g.*, *id.* at 16. Therefore, the Court finds this claim sufficient for screening purposes.

Finally, Plaintiff alleges a violation of 15 U.S.C. § 1693g(e), which states that "[e]xcept as provided in this section, a consumer incurs no liability from an unauthorized electronic fund

transfer." *Id.* at 5. The Court finds that this allegation is sufficient for screening purposes because Plaintiff alleges that the disputed transactions were unauthorized and that Defendant held him liable for them. *See, e.g., id.* at 5, 16; *see also, e.g., Becker v. Genesis Fin. Servs.*, 2007 WL 4190473, at *12 (E.D. Wash. Nov. 21, 2007) (analyzing a consumer's argument under this section in the context of ruling on motions to strike and a motion for summary judgment).

**III.  CONCLUSION**

The Court finds that some of the claims in Plaintiff's amended complaint suffice to survive the screening process. The Court allows Plaintiff one final opportunity to amend the deficient claims, if he chooses. Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall file the amended complaint.
2. The deficient counts, as identified above, are **DISMISSED** with leave to amend. Plaintiff will have until **January 18, 2018**, to file a second amended complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint a second time, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original or first amended complaints) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original and any previous amended complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original and any previous amended complaints no longer serve any function in the case. Therefore, in a second amended complaint, as in an original and any previous amended complaints, each claim and the involvement of each Defendant must be sufficiently alleged.

//
//
//

3. If Plaintiff does not file a second amended complaint curing the stated deficiencies by January 18, 2018, this action shall immediately proceed only on the claims the Court has deemed sufficient for screening purposes, as outlined above.

IT IS SO ORDERED.

DATED: December 19, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge